1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

7

EASTERN DISTRICT OF CALIFORNIA

8

9  TYSON JOIEL SUGGS,                          CASE NO. 1:11-CV-00117-AWI-DLB PC

10              Plaintiff,                     ORDER DISMISSING COMPLAINT FOR
                                              FAILURE TO STATE A CLAIM WITH
11      v.                                    LEAVE TO AMEND

12  CALIFORNIA DEPARTMENT OF                   (DOC. 1)
    CORRECTIONS, et al.,
13                                            RESPONSE DUE WITHIN THIRTY DAYS
              Defendants.
14

15  _____ /

16

17                          **Screening Order**

18  **I.      Background**

19          Plaintiff Tyson Joiel Suggs ("Plaintiff") is a prisoner in the custody of the California

20  Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

21  forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this

22  action by filing his complaint on January 24, 2011.  Doc. 1.

23          The Court is required to screen complaints brought by prisoners seeking relief against a

24  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

26  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

27  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

28  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

                                              1

1  paid, the court shall dismiss the case at any time if the court determines that . . . the action or

2  appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

3  1915(e)(2)(B)(ii).

4       A complaint must contain "a short and plain statement of the claim showing that the

5  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

6  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

7  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing

8  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual

9  matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*,

10  550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

11  **II.    Summary Of Complaint**

12       Plaintiff was previously incarcerated at California State Prison, Corcoran, where the

13  events giving rise to this action occurred. Plaintiff names as Defendants California Department

14  of Corrections and correctional officer R. V. Pruneda.

15       Plaintiff alleges the following. On June 4, 2009, Plaintiff was approached by Defendant

16  Pruneda. Defendant Pruneda began to harass and stalk Plaintiff, questioning whether Plaintiff

17  was enrolled in the Enhanced Outpatient Program ("EOP"). Plaintiff is enrolled in the mental

18  health services delivery system program as a member of EOP. The program is also a mental

19  health program. Plaintiff contends that his mental healthcare worker threatened to drug Plaintiff.

20       Plaintiff contends that he is mentally harassed, and was abducted and kidnapped because

21  Defendant Pruneda stalked and insulted Plaintiff. Plaintiff requests as relief monetary damages.

22  **III.    Analysis**

23       It is unclear what constitutional right Defendant Pruneda allegedly violated. If Plaintiff is

24  alleging a violation of the Eighth Amendment, Plaintiff fails to state a claim. "[V]erbal

25  harassment or abuse . . . [alone] is not sufficient to state a constitutional deprivation under 42

26  U.S.C. § 1983." *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (citation and

27  internal quotation omitted).

28

1    Regarding the CDCR, Plaintiff fails to state a claim.  The Eleventh Amendment bars suits

2  against state agencies, as well as those where the state itself is named as a defendant.  *Lucas v.*

3  *Dep't Of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); *Taylor v. List*, 880 F.2d 1040,

4  1045 (9th Cir. 1989).  Here, Plaintiff names as Defendant CDCR, which is immune from suit

5  under 42 U.S.C. § 1983.

6  **IV.    Conclusion And Order**

7    Plaintiff fails to state any cognizable claims against any Defendants.  The Court will

8  provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies

9  identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

10  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended

11  complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

12    If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ.

13  P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's

14  constitutional or other federal rights.  *Iqbal*, 129 S. Ct. at 1949.   Although accepted as true, the

15  "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .

16  ."  *Twombly*, 550 U.S. at 555.

17    Finally, Plaintiff is advised that an amended complaint supersedes the original complaint,

18  *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567

19  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded

20  pleading,"  L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

21  complaint which are not alleged in an amended complaint are waived."  *King*, 814 F.2d at 567

22  (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*,

23  114 F.3d at 1474.

24    Accordingly, based on the foregoing, it is HEREBY ORDERED that:

25    1.    The Clerk's Office shall send Plaintiff a complaint form;

26    2.    Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a

27        first amended complaint within **thirty (30) days** from the date of service of this

28        order;

1    3.    Plaintiff should not add new and unrelated claims to his amended complaint and

2          any attempt to do so may result in the amended complaint being stricken; and

3    4.    If Plaintiff fails to comply with this order, the Court will recommend dismissal of

4          this action for failure to obey a court order and failure to state a claim.

5    IT IS SO ORDERED.

6    **Dated:**   **August 8, 2011**                          **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4