# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYSON JOIEL SUGGS, | CASE NO. 1:11-CV-00117-AWI-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO STATE CLAIM |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | (DOC. 8) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

Plaintiff Tyson Joiell Suggs ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on January 24, 2011. On August 9, 2011, the Court dismissed Plaintiff's complaint for failure to state a claim, with leave to amend within thirty days. Doc. 11. On September 28, 2011, the Court issued an order to show cause why this action should not be dismissed for Plaintiff's failure to obey a court order and failure to state a claim. Doc. 12. Plaintiff was ordered to file a response within eighteen days. As of the date of this order, Plaintiff has not filed an amended complaint or otherwise responded.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including,

1  where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th
2  Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute
3  an action, failure to obey a court order, or failure to comply with local rules.  *See*, *e.g.*, *Ghazali v.*
4  *Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); *Ferdik v.*
5  *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
6  requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.
7  1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court
8  apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal
9  for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir.
10 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

11      In determining whether to dismiss an action for lack of prosecution, failure to obey a
12 court order, or failure to comply with local rules, the court must consider several factors: (1) the
13 public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;
14 (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
15 their merits; and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831;
16 *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61;
17 *Ghazali*, 46 F.3d at 53.

18      In the instant case, the court finds that the public's interest in expeditiously resolving this
19 litigation and the court's interest in managing the docket weigh in favor of dismissal.  The third
20 factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of
21 injury arises from the occurrence of unreasonable delay in prosecuting an action.  *Anderson v. Air*
22 *West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition
23 of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed
24 herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in
25 dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;
26 *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The court's order expressly stated:
27 "Failure to timely respond or otherwise show cause will result in dismissal of this action for
28 failure to obey a court order and failure to state a claim."  Thus, Plaintiff had adequate warning

that dismissal would result from his noncompliance with the court's order.

Based on the foregoing, it is HEREBY RECOMMENDED that

1. This action be dismissed for Plaintiff's failure to obey the Court's September 28, 2011 Order, and for failure to state a claim; and

2. This dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 8, 2011**              /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE